■ In the Matter of JOHN S. HOGG, Appellant, v WORKERS' COMPENSATION BOARD OF THE STATE OF NEW YORK, Respondent.—Appeal from a judgment of the Supreme Court at Special Term, entered February 9, 1979 in Madison County, which granted respondent's motion to dismiss the petition in the instant proceeding pursuant to CPLR article 78. Petitioner is an attorney who allegedly performed valuable legal services for two clients whose disability benefits under article 9 of the Workers' Compensation Law had been discontinued by the carriers involved on their respective claims. In each instance petitioner reviewed the applicable law and wrote a single letter, after which the balance of each client's disability benefits was paid in full. Petitioner then requested the Workers' Compensation Board to award him legal fees for his services to the two clients because he was specifically prohibited by statute from exacting a fee for his services without board approval (Workers' Compensation Law, § 225). When the board thereafter did not act upon his numerous requests, he proceeded to commence the instant CPLR article 78 proceeding, and in his notice of petition and petition, which were served on November 15, 1978, he requested that the board be directed to consider and act upon his claims for fees and that the court direct the board to establish a proper and reasonable procedure whereby he and others similarly situated could have their applications for attorney's fees expeditiously considered and decided. By order entered February 9, 1979, Special Term dismissed the petition, and the present appeal followed. We hold that the order of Special Term should not be disturbed. Insofar as petitioner seeks an order directing the board to consider and act upon his fee requests, his application has been rendered moot by the board's decision of December 19, 1978 wherein the requests were found to be without merit and denied. Additionally, petitioner has cited no statute or other precedent which empowers the court to direct the board to establish an application procedure for counsel fees, and Special Term properly concluded that it lacked the authority to issue such an order.

Judgment affirmed, without costs. Greenblott, J. P., Main, Mikoll and Casey, JJ., concur; Staley, Jr., J., not taking part.